IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NOVO NORDISK A/S and
NOVO NORDISK, Inc.,**

      **Plaintiffs,**

v.                                                                                                Civ. No. 25-479 MLG-JMR

**THE INJECTION AND INFUSION
CLINIC OF ABQ, LLC,**

      **Defendant.**

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO VACATE AND RESET HEARING

Plaintiffs Novo Nordisk, A/S and Novo Nordisk, Inc. (together, "Novo Nordisk") respectfully submit the following opposition to Defendant's Motion to Vacate and Reset Hearing, ECF. No. 39. (the "Motion").

### Argument

Novo Nordisk and its counsel are of course sympathetic to the circumstances that preclude Defendant's local counsel from attending the scheduled motion hearing on December 12, 2025. But this unfortunate situation does not merit postponing the motion hearing for more than a month. As the Motion notes, Defendant is also represented by its principal counsel, David A. Boag, Esq., a New York-based attorney. Mot. at ¶ 2. From comments at the September 10, 2025, scheduling conference, it is Novo Nordisk's understanding that Defendant always intended Mr. Boag intended to present Defendant's argument on December 12. In the Motion, however, Defendant argues that a continuance of the December 12 motion hearing is necessary because Mr. Boag's appearance in New Mexico would be "cost prohibitive." *Id.* This argument is unavailing.

Defendant (a New Mexico-based business) has raised no challenge to Novo Nordisk's selection of New Mexico as a forum for this case. Nonetheless, Defendant has chosen to engage principal counsel based in New York. Having made that decision, Defendant should not be permitted to delay progress of this case by claiming its principal counsel's appearance in the forum would present a financial hardship. *Cf. United States v. Cardozo*, 68 F.4th 725, 738 (1st Cir. 2023) ("Given our holding that it was reasonable for Doe to engage New York counsel, we think it follows that travel to Boston, when necessary, was part and parcel of that engagement."). Having chosen to enter an appearance in this New Mexico-based action, Defendant's counsel likewise should not be permitted to frustrate the progress of this case by refusing to travel to the forum.

Moreover, the requested postponement would materially delay progress of this case. From the September 10 scheduling conference, it appears that the outcome of the motion to dismiss will be critical to determining whether this case presents a meaningful prospect of settlement—and a prerequisite to Defendant seriously engaging in such discussions. Postponing argument on the motion to dismiss suggests that the motion may not be decided until Spring 2026—a point dangerously close to the July 2026 discovery cutoff—which would force the parties to engage in expensive discovery (far outweighing the cost of a flight from New York to Albuquerque) that they may have been able to forego, were settlement discussions proceeding.

Finally, postponement would work a substantial hardship on Plaintiffs' principal counsel, who has also made arrangements to be present in Albuquerque on December 12. While reiterating its sympathies to Defendant's local counsel, Plaintiffs note that this situation could have been brought to the Plaintiff's and the Court's attention earlier, which would have avoided these inconveniences for both the Court and Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion to postpone the December 12, 2025, hearing and order that the hearing proceed with Defendant to be represented by Mr. Boag.

Dated: December 9, 2025.

        Respectfully submitted,

        **HOLLAND & HART LLP**

        By: */s/ John C. Anderson*
            John C. Anderson
            Olga Serafimova
        110 North Guadalupe, Suite 1
        Santa Fe, New Mexico 87501
        Tel: (505) 988-4421
        jcanderson@hollandhart.com
        omserafimova@hollandhart.com

        -and-

        Nathan E. Shafroth *(Pro Hac Vice)*
        Salesforce Tower
        415 Mission Street, Suite 5400
        San Francisco, CA 94105-2533
        Tel: (415) 591-7053
        nshafroth@cov.com

        Françoise N. Djoukeng *(Pro Hac Vice)*
        One City Center
        850 10th Street, NW
        Washington, DC 20001
        Tel: (202) 662-6000
        fdjoukeng@cov.com

        **ATTORNEYS FOR PLAINTIFFS**
        **NOVO NORDISK A/S AND NOVO NORDISK, INC.**

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 9, 2025, the foregoing was filed through the court's CM/ECF system, causing it to be served via electronic mail on all parties and counsel of record.

                                            */s/ John C. Anderson*
                                            John C. Anderson

36509448_v2